## CHAS. OSBORN v. J. H. HEREFORD.

**Ejectment—Boundary—Question for Jury.**

> Whether certain land is embraced in a boundary recited by the evidence of title is a question for the jury, and the court should instruct that if the patents and deeds in the chain of title down to plaintiff included the land in controversy, the finding should be for plaintiff, unless the defense of adverse possession is sustained by the proof.

**Ejectment—Defense—Adverse possession—Instruction.**

> Where the defense is title by adverse possession, an instruction "that the claim of possession must be to a well-defined marked boundary" is erroneous, as a natural boundary may exist and control in such a case.

### APPEAL FROM FLOYD CIRCUIT COURT.

December 15, 1872.

OPINION BY JUDGE PRYOR:

We perceive no objection to the introduction of the patents and deed, by the appellees, for the purpose of establishing their title to the land in question. Whether or not this land was embraced by the boundaries recited in the written evidences of title is a question of fact for the jury, and the court below erred in telling the jury "that the plaintiff has shown a paper title for the land in dispute and they should find it the property of the plaintiffs." The court not only admits the patent and deeds as evidence to which there could have been no objection, but proceeds to say to the jury that these writings make out a perfect title in the plaintiffs, and authorizes a recovery unless bound by an adverse possession on the part of the appellant. The court should have said to the jury that if the patent to May and the deeds from May to May and from May to Osborn, etc., reciting them on down to the plaintiff, included the land in controversy they must find for the plaintiff unless the defense relied on is sustained by the proof. The defense is an alleged adverse holding on the part of the appellant, and the instruction on the question of adverse possession is also objectionable in this: "The jury are told that the claim of possession must be to a

well defined marked boundary." A natural boundary may exist and control in a case like this, as well as a marked boundary and if the defendants and those under whom they claim were in possession of, and claiming this land to a fixed and defined boundary, whether marked by the surveyor or ascertained by natural objects from more than fifteen years prior to the institution of plaintiff's action, it presents such a defense as should go to the jury upon the issue made. For the reasons indicated the judgment is reversed and cause remanded with directions to award the appellant a new trial and for further proceedings consistent with this opinion.

*Apperson, J. R. Botts, for appellant.*

*Hereford, for appellee.*